UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Christopher J. Bolt,

        Petitioner,

vs.                        REPORT AND RECOMMENDATION

Warden -- et al, Medical Staff,

        Respondents.       Civ. No. 08-700 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge upon an assignment made pursuant to Title 28 U.S.C. § 636(b)(1)(B). The Petitioner, Christopher J. Bolt, appears pro se, and, in view of the fact that his pleadings have not yet been served on any other parties to this action, no appearances have been made by, or on behalf of, any such parties.

The Petitioner, who is an inmate at the Federal Medical Center in Rochester, Minnesota, commenced this action by filing a document that purported to be a Petition for a Writ of Habeas Corpus, pursuant to Title 28 U.S.C. §2241. See, Docket No. 1. However, in our initial screening of the action, we concluded that the relief, which

Petitioner sought, was not available under Habeas Corpus, because he was not challenging either the fact or the duration of his confinement -- instead, he was challenging the conditions of his confinement. Accordingly, on March 25, 2008, we granted the Petitioner leave to file a Civil Complaint, should he elect to pursue this action. See, <u>Order</u>, <u>Docket No. 3</u>.

Our Order further informed the Petitioner that if he elected to re-plead, he would have to satisfy certain basic pleading requirements, which apply to all civil litigants. The Petitioner was specifically advised that he would have to submit his new pleading on the Complaint form, which is prescribed for prisoner civil rights actions filed in this District, see, <u>Local Rule 9.3</u>, and that he would have to follow the elemental pleading rules which are prescribed by Rules 8 through 11, Federal Rules of Civil Procedure.

In our prior Order, we declined to construe the Petitioner's Habeas Petition as a Civil Complaint, given certain deficiencies. First, we specifically noted that the Petitioner's original pleading did not set forth the factual and legal bases for his claims in separate numbered paragraphs. Instead, we found that the Petitioner had set forth "only a conclusory assertion that [he] has not been given proper medical care." See, <u>Order</u>, supra at 4. Second, we observed that the Petitioner had not clearly identified

the party, or parties, from whom he was seeking redress. Therefore, as we explained, "it is impossible to know who, specifically, the Petitioner might be attempting to sue." Id. Last, in our prior Order, we advised the Petitioner that if he did not file a Civil Complaint, which corrected those deficiencies, within twenty (20) days, he would be deemed to have abandoned this action. Id. at 5-6.

On April 3, 2008, the Petitioner filed a document, which he entitled "Civil Complaint Rules 8 through 11 FRCP -- Local Rule 9.3." See, Docket No. 4. However, we conclude that the Petitioner's latest submission again fails to satisfy the elemental pleading requirements, which are imposed by the Rules, and which were prescribed in the prior Order.

We initially note that the Petitioner's self-styled "Civil Complaint" was not submitted on the form which is prescribed by Local Rule 9.3. In addition, the Petitioner's new submission again fails to clearly identify the party, or parties, that he is attempting to sue.[1] The Petitioner has also failed to describe any historical facts, so

---

[1]The caption of the "Civil Complaint" identifies the Defendants as "Warden, et al -- Federal Bureau of Prisons Rochester, Minnesota," but none of the purported "Defendants," nor any other person or entity, is mentioned anywhere in the body of that document. As recently reiterated our Court of Appeals:

> [T]he complaint was properly dismissed because as the
> (continued...)

- 3 -

as to identify the purported legal basis for this action, or to request any cognizable relief. Instead, the Petitioner simply renews a conclusory allegation that he has not received prompt medical care.

Simply put, it is impossible to ascertain who the Petitioner is attempting to sue, and the "Civil Complaint," as filed, fails to state a cognizable claim. Accordingly, even in the absence of our prior Order, this action is subject to summary dismissal, pursuant to Title 28 U.S.C. §1915A(b), which directs Federal Courts to dismiss

---

[1](...continued)
district court noted, [the plaintiff] named only the warden, who was not alleged to have any personal involvement in or direct responsibility for these events. See Hughes v. Stottlemyre, 454 F.3d 791, 798 (8th Cir. 2006); White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988). Further, it is impossible to discern from [the plaintiff's] complaint which medical-staff employee or employees were responsible for denying him care, because he identifies them only collectively as "medical staff." See Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)(per curiam) (medical indifference claim must be brought against individual directly responsible for inmate's care); cf., Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (permitting §1983 action to proceed against "John Doe" police-officer defendants when complaint was specific enough to permit identification of unknown parties through reasonable discovery).

Gray v. Weber, 244 Fed.Appx. 753, 2007 WL 2174548 at *1 (8th Cir., July 30, 2007).

The very same may be said here.

prisoner Complaints which are frivolous, or which fail to state a cause of action on which relief can be granted. The Petitioner's so-called "Civil Complaint" in this matter fails to state any cognizable cause of action upon which relief can be granted. See, Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980)(while Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint **must allege facts**, which if true, state a claim as a matter of law") (emphasis added).

Therefore, we conclude that the Petitioner has failed to comply with the nominal requirements, which we set forth in our prior Order. Because the Petitioner has failed to comply with our prior Order, and the deadline for doing so has now expired, he is deemed to have abandoned this action. Accordingly, we now recommend that this action be summarily dismissed, without prejudice, pursuant to Title 28 U.S.C. §1915A(b), for failure to state a claim, and pursuant to Rule 41(b), Federal Rules of Civil Procedure, for failure to prosecute, and for failure to comply with an Order of the Court. See, Henderson v. Renaissance Grand Hotel, 2008 WL 540172 at *1 (8th Cir. 2008)("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); see also, Link v. Wabash R.R. Co., 370 U.S.

626, 630-31 (1962) (recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, we further recommend that the Petitioner's pending application for leave to proceed in forma pauperis in this matter, see, Docket No. 2, be denied as moot.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Petitioner's Application to Proceed In Forma Pauperis [Docket No. 2] be denied, as moot.

2. That this action be summarily dismissed, but without prejudice, pursuant to Title 28 U.S.C. §1915A(b), and pursuant to Rule 41(b), Federal Rules of Civil Procedure.

                                                    BY THE COURT

Dated: April 16, 2008                               s/Raymond L. Erickson
                                                    Raymond L. Erickson
                                                    CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by **no later than May 2, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 2, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.